UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA ROMINE,

                Plaintiff,        Civil Action No. 18-10503
                                    Honorable Nancy G. Edmunds
                                    Magistrate Judge David R. Grand
v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [11, 12]**

Plaintiff Sheila Romine ("Romine") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #11, 12), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Romine is not disabled under the Act. Accordingly, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #12**) be **GRANTED**, Romine's Motion for Summary Judgment (**Doc. #11**) be **DENIED**, and that pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

## II. REPORT

### A. Background

Romine was 49 years old at the time of her alleged onset date of March 13, 2013, and at 5'9" tall weighed approximately 270 pounds. (Tr. 157, 169). She completed the tenth grade and took "CNA classes." (Tr. 170). Over the years, she worked as a nursing assistant, before stopping work because of her medical condition in March 2013. (Tr. 159, 169-70). She now alleges disability primarily as a result of diabetes, neuropathy, and hearing loss. (Tr. 169).

After Romine's application for DIB was denied at the initial level on December 2, 2015 (Tr. 75-82), she timely requested an administrative hearing, which was held on December 21, 2016, before ALJ Latanya White Richards (Tr. 28-66). Romine, who was represented by attorney Matthew Thibodeau, testified at the hearing, as did vocational expert Stephanee Leech. (*Id.*). On June 22, 2017, the ALJ issued a written decision finding that Romine is not disabled under the Act. (Tr. 15-23). On December 28, 2017, the Appeals Council denied review. (Tr. 1-5). Romine timely filed for judicial review of the final decision on February 12, 2018. (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Romine's medical record, Function and Disability Reports, and testimony as to her conditions and resulting limitations. Instead of summarizing that information here, the Court will make references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B. The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Romine is not disabled under the Act. At Step One, the ALJ found that Romine has not engaged in substantial gainful activity since March 13, 2013 (the alleged onset date). (Tr. 17). At Step Two, the ALJ found that she has the severe impairments of peripheral neuropathy, diabetes, obesity, and hearing loss.

3

(*Id.*).  At Step Three, the ALJ found that Romine's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment.  (Tr. 19).

The ALJ then assessed Romine's residual functional capacity ("RFC"), concluding that she is capable of performing light work, with the following additional limitations:  can occasionally climb ramps and stairs, stoop, kneel, balance, crouch, crawl, and operate foot pedals, but cannot climb ladders or scaffolds; must avoid use of hazardous machinery and exposure to unprotected heights, and no more than occasional vibration; and is limited to a work environment with no more than a moderate noise level.  (Tr. 20).

At Step Four, the ALJ found that Romine is capable of performing her past relevant work as a certified nurse aide.  (Tr. 22).  As a result, the ALJ concluded that Romine is not disabled under the Act.  (*Id.*).

### C. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir.

2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

**D.     Analysis**

As set forth above, the ALJ determined that Romine has the RFC to perform light work, with the following additional limitations: can occasionally climb ramps and stairs, stoop, kneel, balance, crouch, crawl, and operate foot pedals, but cannot climb ladders or scaffolds; must avoid use of hazardous machinery and exposure to unprotected heights, and no more than occasional vibration; and is limited to a work environment with no more than a moderate noise level. (Tr. 20). In her motion, Romine argues that this RFC finding is not supported by substantial evidence because it fails to account for her difficulties in standing and walking, and

fails to include any mental limitations.[1] (Doc. #11 at 18-21). The Court disagrees.

> 1. *Substantial Evidence Supports the ALJ's Finding that Romine Can Perform the Standing and Walking Requirements of Light Work*

As set forth above, the ALJ found that Romine can perform the standing and walking required of light work. (Tr. 20). "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Soc. Sec. Rul. 83-10*, 1983 WL 31251, at *6 (Jan. 1, 1983). Here, Romine claims that "the record is devoid of substantial evidence to contravene the need for at least some limitation" on her ability to stand and walk (Doc. #11 at 19), but she provides no citation to the record for this proposition. Because the burden is on Romine – not the Commissioner – to prove her RFC, this unsupported assertion is insufficient. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears the burden of demonstrating need for more restrictive RFC).

Moreover, substantial evidence supports the ALJ's finding that Romine can stand or walk for up to six hours in an eight-hour workday. As the ALJ explained, although Romine was

---

[1] Romine also claims that the ALJ's RFC assessment fails to comply with the "Narrative Discussion Requirements" of Social Security Ruling ("SSR") 96-8p, which provides, in relevant part:
> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

*Soc. Sec. Rul. 96-8p*, 1996 WL 374184, at *7 (July 2, 1996) (footnote omitted). The Sixth Circuit has held that an ALJ complies with this Ruling by "assessing each of [the] work-related limitations that were at issue." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014). Here, where the ALJ did just that, and where Romine has not articulated exactly how the ALJ's RFC finding fails to comply with SSR 96-8p, this argument is without merit.

diagnosed with neuropathy (apparently stemming from her diabetes), her neurological examinations were generally normal with normal muscle tone. (Tr. 21, 246, 248, 250, 252, 254, 256, 258, 260, 263, 265, 267, 269, 273, 275, 276, 279, 291, 292, 293, 295, 306, 307, 308, 317, 323, 325, 330, 332, 334, 336, 338, 340, 342, 344, 346). Similarly, the ALJ noted that her lower body physical examinations were also largely normal, including showing normal range of motion and muscle strength. (Tr. 21, 246, 248, 250, 252, 254, 256, 258, 260, 263, 265, 267, 269, 273, 275, 276, 278, 291, 292, 293, 295, 306, 307, 308, 315, 316, 317, 323, 325, 330, 332, 334, 336, 338, 340, 342, 344, 346). Moreover, in discounting Romine's subjective assertions about her ability to walk and stand, the ALJ also explained that Romine's "diabetes and neuropathy [] is uncomplicated and physical examinations are largely normal," and that she has managed her diabetes "with diabetic diet and medication …." (Tr. 21, 249-50, 251-53, 259-60, 270, 275, 278-79, 323-24, 324-26, 329-30, 334-35, 340). *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011) (ALJ may discount allegations of disability in part due to conservative nature of treatment). Romine also testified that she has never been prescribed a cane or walker. (Tr. 51). And, despite testifying that she could only stand for two minutes, the ALJ commented during the hearing, "I noticed that you are standing now." (Tr. 51-52).[2]

The ALJ also supportably found that although Romine had an incident of foot parethesias in April 2016 (Tr. 21, 388), at other times throughout the relevant time period, she specifically denied neuropathy symptoms, including tingling, weakness, and paresthesias (Tr. 21, 249, 264, 277, 322, 348). Finally, the ALJ noted that Romine reported that "her pain improved with Neurontin" (Tr. 21), a finding that finds support in the record (Tr. 264, 342). Romine has not

---

[2] The Court also notes that when the ALJ asked Romine if she has a problem sitting for a long time, Romine answered, "Yeah. I can't sit for a long time. I have to stand and I stand so long and I have to [do] it." (Tr. 58).

7

challenged the ALJ's reasoning in any of these respects, and the evidence substantially supports the RFC finding for light work.[3] *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 2018 WL 2017564, at *4 (6th Cir. Apr. 30, 2018) (finding that treatment notes showing normal muscle tone and strength to be substantial evidence that the claimant could perform the standing and walking requirements of light work); *Vermeesch v. Comm'r of Soc. Sec.*, 2015 WL 1530490, at *4 (E.D. Mich. Mar. 31, 2015) (same).

### 2. Substantial Evidence Supports the ALJ's Decision Not to Include Any Mental Limitations in the RFC

In her decision, the ALJ found that Romine's mental impairments (affective disorder and depression) were non-severe[4] and did not cause any mental work-related limitations. (Tr. 18, 21-22). In her motion, Romine points to her "lifelong battle with depression" and then argues, without explanation or support, that "substantial evidence does not support an RFC without some" mental limitations. (Doc. #11 at 19). Again, however, the burden is on Romine to prove her RFC, and her unsupported assertion that it should include some unspecified mental limitations is inadequate. *See Her*, 203 F.3d at 391-92; *Jordan*, 548 F.3d at 423.

Moreover, the record contains substantial evidence supporting the ALJ's finding that Romine has no mental work-related limitations. For example, in assessing Romine's RFC, the ALJ explained that her treating therapist, Jason Maroudis, LMSW, increased her GAF score from 50 (in April 2016) to 63 (in June 2016), and thereafter assessed scores ranging from 63 to

---

[3] Although Romine refers in her motion to a "significant ankle injury that required surgical repair and a long recovery" (Doc. #11 at 14), the record demonstrates that, prior to the time of the ALJ's decision, Romine had recovered from surgery, had a stable ankle and foot on examination, and ambulated without difficulty (Tr. 317). Thus, Romine has not established that this condition limits her ability to stand or walk on an ongoing basis.

[4] In finding that Romine has no more than mild limitations in each of the four areas of mental functioning, the ALJ relied on Romine's own reports regarding her activities and abilities, as well as mental status examinations showing normal mood, affect, judgment, and thought content. (Tr. 18-19, 177-87, 439-510). Romine does not challenge this aspect of the ALJ's analysis.

70, indicating at most mild symptoms or limitations. (Tr. 21-22, 440, 443, 446, 449, 452, 457, 460, 463, 466, 469, 472). The ALJ also noted that Romine's reported symptoms – including frustration and anger – were largely managed well; she reported being happy a majority of the time; and she denied mood issues. (Tr. 22). All of these findings are supported in the record. (Tr. 443 ("happy a majority of the time"), 449 ("no issue with sadness or depression"), 452 ("no issues with mood"), 460 ("overall, her mood has been good"), 463 ("she has been happy for the most part"), 466 ("she has not been feeling depressed")). Similarly, the ALJ correctly noted that the mental status examinations performed by Mr. Maroudis were routinely normal, with normal mood, affect, and thoughts. (Tr. 22, 439-40, 442-43, 445-46, 448-49, 451-52, 456-57, 459-60, 462-63, 465-66, 468-69, 471-72, 474-75, 477-78, 485-86, 492-93). In summary, the evidence cited by the ALJ substantially supports her finding that Romine has no mental work-related limitations that require an additional adjustment to the RFC, and Romine has not shown otherwise. *See Corlew v. Comm'r of Soc. Sec.*, 2013 WL 1190208, at *1, 7 (E.D. Mich. Feb. 19, 2013) (upholding the ALJ's finding that the plaintiff had no mental limitations given the "dearth of medical evidence" to support the claimed impairment where the plaintiff cited only her own complaints).

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence.

### III.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #12**) be **GRANTED**, Romine's Motion for Summary Judgment (**Doc. #11**) be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: August 16, 2018                             s/David R. Grand

Ann Arbor, Michigan                                          DAVID R. GRAND
                                                             United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2018.

                                                    s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager